# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICHOLS NURSERY INC., D/B/A, )
NICHOLS EXCAVATION, )
         )
        Plaintiffs, )
         )
        v. )      C.A. No. N17C-05-001 ALR
         )
SCOTT LOBDELL, BRIAN ELLIS, )
Individually and d/b/a DELAWARE )
SPORTS COMPLEX, LCC, )
DELAWARE SPORTS COMPLEX, )
LLC and DANIEL WATSON, )
         )
        Defendants. )

Submitted: April 10, 2018
Decided: June 21, 2018

***Upon Defendant Brian Ellis' Motion to Dismiss***
**DENIED**

## ORDER

Upon consideration of Defendant Brian Ellis' motion to dismiss; the opposition thereto filed by Plaintiff Nichols Nursery, Inc. ("Plaintiff"); the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Plaintiff initiated this lawsuit on May 1, 2017, alleging breach of contract and several claims of tortious conduct. Defendants Scott Lobdell and Brian

Ellis are parties to this action in their capacity as individuals, and as Delaware Sports Complex, LLC, a limited liability entity formed by Defendants.

2. On June 14, 2017, Defendant Lobdell filed a motion to dismiss in lieu of an answer as a self-represented litigant. Defendant Lodbell did not specify the grounds for the motion to dismiss, but argued that the lawsuit could not be brought against an individual and claimed that the complaint was filed under false pretense. The Court interpreted Defendant Lodbell's motion as seeking dismissal under Superior Court Rule of Civil Procedure 12(b)(6), and denied the motion in an order dated July 19, 2017.

3. On April 10, 2018, Defendant Ellis filed a nearly identical motion to dismiss in lieu of an answer as a self-represented litigant. Defendant Ellis also does not specify the grounds for the motion to dismiss, but raises the same allegations that the lawsuit cannot be brought against an individual and that the complaint was filed under false pretense. The Court will also interpret Defendant Ellis' motion as seeking dismissal under Rule 12(b)(6).

4. In deciding a motion to dismiss under Rule 12(b)(6), the Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[1] Factual allegations, even if vague, are well-pleaded

---

[1] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

if they provide notice of the claim to the other party.[2] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[3]

5. Upon accepting the allegations in Plaintiff's complaint as true with all reasonable inferences made in favor of Plaintiff, the Court finds that there is a reasonably conceivable set of circumstances under which Plaintiff could establish Defendant Brian Ellis' liability to Plaintiff. Accordingly, the Court declines to dismiss the claims against Defendant Ellis as a matter of law.

**NOW, THEREFORE, this 21st day of June, 2018, Defendant Brian Ellis' Motion to Dismiss is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[2] *Spence*, 396 A.2d at 968.
[3] *Id.*